UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY D. ROSS,<br><br>    Plaintiff,<br><br>    v.<br><br>RANDSTAD PROFESSIONALS, US, LLC DBA RANDSTAD SOURCERIGHT, et al.,<br><br>    Defendants. | Case No. 21-cv-01945-SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STRIKE**<br><br>Re: Dkt. No. 40 |

On August 16, 2021, defendants Walmart, Inc. and Jason Corbett filed the instant motion to strike paragraphs 45, 121, 126, 127, and Exhibits G and H from plaintiff's First Amended Complaint ("FAC"). Dkt. No. 40. Pursuant to Local Rule 7-1(b) the Court finds this matter appropriate for resolution on the papers and therefore VACATES the September 24, 2021 hearing.

First, defendants seek to strike paragraph 45 and Exhibit G arguing both contain information from private settlement negotiations. Indeed, Exhibit G is marked as "For Settlement Purposes Only Confidential and Privileged Pursuant to Evidence Code §1152 et seq." Dkt. No. 30 at 48[1]. Further, paragraph 45 refers to Exhibit G as defendants' "settlement offer." Dkt. No. 30 at ¶45. Plaintiff argues the settlement letter is relevant and referencing it is crucial to identify "glaring shifts in [defendants'] explanations for terminating Ross' employment." Dkt. No. 45. The Court disagrees.

Exhibit G is plainly labeled "For Settlement Purposes Only" and indeed makes an offer to settle the matter. Dkt. No. 30 at 48-49. Pursuant to Federal Rule of Evidence 408 makes clear "conduct or a statement made during compromise negotiations about the claim" is not admissible "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent

---

[1] For ease of reference, page number citations refer to the ECF branded page number in the upper right hand corner of the page.

1  statement or contradiction." Exhibit G and paragraph 45 fall squarely within Rule 408's purview –
2  defendants' motion to strike both is therefore GRANTED.

3  Second, defendants seek to strike paragraphs 121, 126, 127, and Exhibit H arguing all
4  contain "confidential personnel data[] purportedly identifying 55 individuals and providing their
5  ethnicities, employers (i.e. Walmart), job titles, and hire dates." Dkt. No. 40 at 8. Plaintiff argues
6  all this data was gathered using publicly available methods including public websites such as
7  Linkedin. Dkt. No. 45 at 5. However, plaintiff offers no evidence – in the form of declaration or
8  otherwise, corroborating this assertion. Defendants counter, that a person's ethnicity is not available
9  on public websites like Linkedin and Google, is well taken. As such, defendants' motion to strike
10 paragraphs 121, 126, 127, and Exhibit H is GRANTED. When and if evidence concerning such
11 evidence is presented, appropriate protective orders can be crafted a necessary.

13 **IT IS SO ORDERED**.

14 Dated: September 14, 2021

16 SUSAN ILLSTON
   United States District Judge