BARRY D. ROSS
6343 PARK CREEK DRIVE
CHARLOTTE, NC 28262
Tel:     (310) 600-5719

*Pro Se* Plaintiff  BARRY ROSS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ROSS, an Individual;<br><br>Plaintiff,<br><br>v.<br><br>WALMART LABS, a California Corporation; WALMART, INC., an Arkansas Corporation; RANDSTAD STAFFING, a California Corporation; RANDSTAD NORTH AMERICA, INC., a Georgia Corporation; RANDSTAND SOURCERIGHT, a Georgia Corporation; JASON CORBETT, an Individual; ASHLEY HOGAN, an Individual; and DOES 1 through 25, Inclusive,<br><br>Defendants. | CASE NO: 3:21-CV-01945-SI<br><br>**PLAINTIFF'S MOTION TO COMPEL REQUEST FOR DOCUMENTS**<br><br>Date: September 26, 2021<br><br>Action Filed:  December 1, 2020<br><br>Action Removed: March 19, 2021 |

1

MOTION TO COMPEL REQUESTED DOCUMENTS

# PLAINTIFF ROSS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Plaintiff Ross, moves this Court pursuant to FED. R. CIVIL PROCEDURE 37 to compel Defendants et al., to produce previously requested documents, related to Plaintiff's complaint.

Plaintiff initially relied on good faith from Defendants' counsel to produce requested documents, per Rule 37, however, Defendants continue to abstain and withhold requested documents. For example, Defendants initially indicated they had conducted an investigation into Ross's complaint, commencing in 2019, however, Walmart Labs and Randstad, now claim that they're still conducting said investigation, and refuse to forward requested reports.

Defendants responded to Plaintiff's repeated requests for production requests, by submitting a list of general objections in their Initial Disclosures (Exhibit B). Defendants' counsel has failed to act in good faith, therefore, Plaintiff Ross asks the Court to intervene and require immediate production of requested documents.

Plaintiff requested the following documents via email and during a telephonic conference with Defendants on 8/24/2021 (Exhibit A).

1. Copy of each Defendants' investigative report into Ross's complaint.

2. Employee file of Defendant and former manager, Jason Corbett. Mr. Corbett made extremely sexist and racist comments in the presence of Plaintiff Ross and another employee, Morgan Presley. His full and unredacted employee file is essential to determining if Walmart Labs, failed to remedy his harassing and discriminatory behavior during his tenure.

3. Employee file of Defendant Ashley Hogan, former Director of Recruiting, Walmart Labs. Mr. Hogan's employee file is essential, due to his role as manager for Defendant Jason Corbett. Plaintiff Ross reached out to Mr. Hogan, just days prior to his abrupt termination, regarding concerns about

2

MOTION TO COMPEL REQUESTED DOCUMENTS

Corbett's racist and sexist behavior. Mr. Hogan failed to reply, and his employee file is essential to determining if he was culpable in retaliating against Plaintiff Ross in his termination.

4. EEO-1 reports from Walmart Labs, dating back to 2015. These reports will demonstrate Defendants' history of discriminating against African-American recruiters, in conjunction with Plaintiff's disparate impact data.

Defendants assert in their initial disclosures that they will only produce "non-confidential" documents related to discovery, (Pg. 3, Line 15 -27, Exhibit B) Plaintiff requests that Defendants produce *all* requested documents, per previous requests.

Defendant Walmart Labs further states that they refuse to identify Plaintiff's former manager and Director of Recruiting, relying upon a theory, that Plaintiff was not employed by Walmart Labs, but instead by staffing agency, and Defendant, Randstad Sourceright.

Plaintiff addressed the issue of joint employment in his amended complaint (Pg. 11-12, Line 23 – Line 3, Exhibit A)

*Plaintiff was at all times hereto an "employee" as defined by California Government Code § 12926(c) and within the meaning of California Government Code § 12940(a) and (c) which prohibit race discrimination and racial harassment in employment. Race discrimination within the meaning of those sections includes harassment and failure to take all reasonable steps necessary to prevent discrimination or harassment on the basis of race.*

*Defendant WALMART was at all material times an "employer" as defined by California Government Code § 12926(d) and within the meaning of California Government Code § 12940(a) and (c) aind, as such, was barred from discriminating*

*or retaliating in employment decisions on the basis of race as set forth in California Government Code § 12940.*

Plaintiff Ross respectfully requests the Court to compel Defendants to produce requested documents post haste, as they are necessary for impending depositions.

Dated : September 26, 2021

*BARRY D. ROSS*
BARRY D. ROSS,
PRO SE PLAINTIFF

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Motion to Compel Requested Documents was served to all defendants, by email on or before September 27th, 2021.

Barry D. Ross, Pro Se
6343 Park Creek Drive
Charlotte, NC 28262

*Barry D. Ross*
9/27/21

# EXHIBIT A

## Request for Production of Documents (Ross v. Walmart Labs)

bross apexsearch.net

**To:** Lopez, Kiran S;  **Cc:** Tim Reed; Noah M. Woo; Fitch, Lindsay

Tuesday, September 7, 2021 at 2:27 PM

Hello Tim and Kiran

I will be filing a formal request for production of documents related to my complaint this week. The list will be as follows:

Walmart Labs Investigative Report into my complaint
Randstad Investigative Report into my complaint
EEO Reports - Walmart Labs (2000 - 2021)
Employee file for Jason Corbett
Employee file for Ashley Hogan

Thanks,

Barry

On 8/27/21, 3:34 PM, "Lopez, Kiran S" <KLopez@seyfarth.com> wrote:

EXHIBIT B

Timothy L. Reed, Bar No. #258034
treed@fordharrison.com
Noah M. Woo, Bar No. #311123
nwoo@fordharrison.com
**FORD & HARRISON LLP**
1901 Harrison Street, Suite 1650
Oakland, CA 94612
Phone: (415) 852-6910

Attorneys for Defendants WALMART INC.
and JASON CORBETT

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ROSS, an individual, | CASE NO. 5:21-cv-01945-SI |
| Plaintiff, | Assigned to Hon. Susan Illston |
| v. | **DEFENDANTS WALMART INC. AND JASON CORBETT'S INITIAL DISCLOSURES PURSUANT TO NORTHERN DISTRICT GENERAL ORDER NO. 71** |
| WALMART LABS, a California Corporation; WALMART, INC., an Arkansas Corporation; RANDSTAD STAFFING, a California Corporation; RANDSTAD NORTH AMERICA, INC., a Georgia Corporation; RANDSTAD SOURCERIGHT, a Georgia Corporation; JASON CORBETT, an Individual; ASHLEY HOGAN, an Individual; and DOES 1-25, Inclusive, | Action Filed:   December 1, 2020<br>Action Removed:  March 19, 2021 |
| Defendants. | |

Pursuant to Northern District General Order No. 71, defendants Walmart Inc. and Jason Corbett (collectively, "Defendants") submit the following information.

## PRELIMINARY STATEMENT ANG GENERAL OBJECTIONS

1. Defendants generally object to General Order No. 71's Requests for Information ("Requests") and to each individual Request therein to the extent the requests seek to impose on Defendant duties beyond those required by the Federal Rules of Civil Procedure.

2. Defendants generally object to the Requests and to each individual Request therein to the extent that they seek the production of documents that are not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

3. Defendants generally object to the Requests and to each individual Request therein to the extent they seek documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

4. Defendants generally object to the Requests and to each individual Request therein to the extent they seek information which constitutes trade secret, confidential, sensitive, proprietary, and/or other information protected from disclosure.

5. Defendants generally object to the Requests and to each individual Request therein to the extent that the burden, expense, and/or intrusiveness of the discovery is not outweighed by the likelihood that the information sought will lead to the discovery of admissible evidence.

6. Defendants generally object to the Requests and to each individual Request therein to the extent that producing the documents would violated the right of privacy under any state or federal constitutional, statutory, or common law right of privacy of any person.

7. Defendants generally object to the Requests and to each individual Request contained therein to the extent that the discovery sought is unreasonable duplicative of other discovery propounded.

8. Defendants generally object to the Requests and to each individual Request contained therein to the extent that it is unduly burdensome or may cause unwarranted annoyance, embarrassment, oppression, or undue burden.

9. Defendants generally object to the Requests to the extent it seeks legal or expert

conclusions.

10. Defendants reserve the right to demand the return of any information and or documents so identified, disclosed, and/or produced inadvertently that is subject to the attorney-client privilege and or work product doctrine.

11. Defendants have not completed their investigations of the facts relating to this case, nor has it completed its preparation for trial. Therefore, discovery is continuing. Defendants reserve the right to change, modify, supplement, add to, or subtract from its responses, up to the time of trial, as new, different, or additional information, facts, documents, evidence, or witnesses become known to or are recalled by Defendants.

12. Unless specifically stated to the contrary in any individual response set forth below, the above Preliminary Statement and General Objections are applicable to and specifically incorporated into each and every response, including with respect to Defendants' document production.

## RESPONSES TO REQUESTS FOR DOCUMENTS AND INFORMATION

**I. DOCUMENTS**

Defendants will produce non-confidential documents relating to plaintiff Barry Ross's ("Plaintiff") temporary placement at Walmart through Randstad Professionals US, LLC d/b/a Randstad Sourceright ("Randstad"), a third-party vendor of Walmart. Defendants will produce additional documents subject to the Court's approval of a protective order.

**II. INFORMATION**

**REQUEST FOR INFORMATION 3(a)**

Identify the plaintiff's supervisor(s) and/or manager(s).

**RESPONSE TO REQUEST FOR INFORMATION 3(a)**

Defendants refer to and incorporate by reference their Preliminary Statement and General Objections as though set forth in full herein.

Without waiving said objections, Defendants respond as follows: Defendants did not employ Plaintiff as an employee. Rather, Plaintiff is a former employee of Randstad, which temporarily placed Plaintiff at Walmart as a Senior Technical Recruiter.

-3-

**REQUEST FOR INFORMATION 3(b)**

1. Identify person(s) presently known to the defendant who were involved in making the decision to take the adverse action.

**RESPONSE TO REQUEST FOR INFORMATION 3(b)**

Defendants refer to and incorporate by reference their Preliminary Statement and General Objections as though set forth in full herein.

Without waiving said objections, Defendants respond as follows: Defendants did not employ Plaintiff as an employee. Rather, Plaintiff is a former employee of Randstad, which temporarily placed Plaintiff at Walmart as a Senior Technical Recruiter. Defendants are unaware of the circumstances of Plaintiff's separation from Randstad, including whether any adverse action was taken against him.

**REQUEST FOR INFORMATION 3(c)**

Identify persons the defendant believes to have knowledge of the facts concerning the claims or defenses at issues in this lawsuit, and a brief description of that knowledge.

**RESPONSE TO REQUEST FOR INFORMATION 3(c)**

Defendants refer to and incorporate by reference their Preliminary Statement and General Objections as though set forth in full herein.

Without waiving said objections, Defendants respond as follows: Defendants are informed and believe that Ashley Hogan and Jason Corbett may have knowledge regarding the interactions with Plaintiff that underlie the allegations set forth in his First Amended Complaint. Discovery is ongoing. Defendants reserve the right to supplement this information as additional information is gathered.

**REQUEST FOR INFORMATION 3(d)**

State whether the plaintiff has applied for disability benefits and/or social security disability benefits after the adverse action. State whether the defendant has provided information to any third party concerning the application(s). Identify any documents concerning any such application or any such information provided to a third party.

**RESPONSE TO REQUEST FOR INFORMATION 3(d)**

Defendants refer to and incorporate by reference their Preliminary Statement and General

1. Objections as though set forth in full herein.
2. Without waiving said objections, Defendants respond as follows: Defendants lack knowledge to whether Plaintiff applied for disability benefits and/or social security disability benefits after his separation from Randstad.

Dated: September 24, 2021

Respectfully submitted,

FORD & HARRISON LLP

By: /s/ *Noah M. Woo*
Timothy L. Reed
Noah M. Woo
Attorneys for Defendants
WALMART INC. and JASON CORBETT