SEYFARTH SHAW LLP
Lindsay S. Fitch (SBN 238227)
lfitch@seyfarth.com
400 Capital Mall, Suite 2350
Sacramento, CA 95814
Telephone:    (916) 448-0159
Facsimile:    (916) 558-4839

Kiran S. Lopez (SBN 252467)
klopez@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:    (415) 397-2823
Facsimile:    (415) 397-8549

Attorneys for Defendant
RANDSTAD PROFESSIONALS US, LLC
d/b/a RANDSTAD SOURCERIGHT
(erroneously sued as Randstad Staffing, Randstad
North America, Inc., and Randstad Sourceright)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ROSS, an individual,<br><br>      Plaintiff,<br><br>           v.<br><br>WALMART LABS, a California Corporation; WALMART, INC., an Arkansas Corporation; RANDSTAD STAFFING, a California Corporation; RANDSTAD NORTH AMERICA, INC., a Georgia Corporation; RANDSTAND SOURCERIGHT, a Georgia Corporation; JASON CORBETT, an Individual; ASHLEY HOGAN, an Individual; and DOES 1 through 25, Inclusive,<br><br>      Defendants. | Case No. 5:21-cv-01945-SI<br><br>*(Assigned for All Purposes to the Hon. Susan Illston)*<br><br>**OPPOSITION OF DEFENDANT RANDSTAD PROFESSIONALS US, LLC DBA RANDSTAD SOURCERIGHT TO PLAINTIFF'S MOTION TO COMPEL REQUEST FOR DOCUMENTS; REQUEST FOR SANCTIONS**<br><br>Date:      October 29, 2021<br>Time:      10:00 a.m.<br>Location:  San Francisco Courthouse<br>           Courtroom 1 - 17th Floor<br>           450 Golden Gate Avenue<br>           San Francisco, CA 94102<br><br>**[Filed concurrently with the Declaration of Kiran S. Lopez]**<br><br>*Complaint Filed: December 1, 2020*<br>*Trial Date:      None.* |

**OPPOSITION OF DEFENDANT RANDSTAD PROFESSIONALS US, LLC DBA RANDSTAD SOURCERIGHT TO PLAINTIFF'S MOTION TO COMPEL REQUEST FOR DOCUMENTS; REQUEST FOR SANCTIONS**

75495043v.2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff Barry Ross' ("Plaintiff") Motion to Compel Production of Documents (the "Discovery Motion") must be denied. Plaintiff did not propound discovery in this matter, and therefore there is nothing to compel. Furthermore, the Discovery Motion was filed without first properly meeting and conferring with Defendant Randstad Professionals US, LLC dba Randstad Sourceright ("Randstad"), and despite the fact that Randstad produced initial documents in this case on April 19, 2021. More recently, in accordance with the parties' Joint Case Management Statement, Randstad timely produced initial information pursuant to General Order 71 on September 24, 2021. Ironically, Plaintiff failed to produce General Order 71 discovery on or before the September 24, 2021 deadline (or at all).

The Discovery Motion is defective because, among other things: (1) Plaintiff did not serve any formal request for documents in this case; (2) Plaintiff failed to properly meet and confer with Randstad prior to filing the Discovery Motion, in violation of both Rule 37 of the Federal Rules of Civil Procedure and USDC Northern District Local Rule 37-1(a); and (3) the Discovery Motion fails to comply with USDC Northern District Local Rule 37-2. Randstad requested that Plaintiff withdraw the Discovery Motion, and advised that if he refused to do so Randstad would seek sanctions against him pursuant to both Rule 37 of the Federal Rules of Civil Procedure and USDC Northern District Local Rule 37-4. Plaintiff refused.

Randstad respectfully requests that this Court deny the Discovery Motion in its entirety, and impose sanctions against Plaintiff in an amount that, in the Court's discretion, is appropriate to deter against Plaintiff's misuse of the Court's time and resources to pursue frivolous motions.

2

**OPPOSITION OF DEFENDANT RANDSTAD PROFESSIONALS US, LLC DBA RANDSTAD SOURCERIGHT TO PLAINTIFF'S MOTION TO COMPEL REQUEST FOR DOCUMENTS; REQUEST FOR SANCTIONS**

75495043v.2

## II. RELEVANT BACKGROUND

### A. Randstad Timely Complied With Its Discovery Obligations Under General Order 71

Randstad produced initial documents in this matter on April 19, 2019. *See* accompanying Declaration of Kiran S. Lopez ("Lopez Decl.") at ¶2 and Ex. 1 (email screenshot); *see also* the parties' Joint Case Management Statement, signed by Plaintiff, which states that Randstad produced initial documents and information on April 19, 2019. D.E. 44. The 180 pages of documents produced by Randstad on April 19, 2019 included, among other things, Plaintiff's personnel file, pay records, and time sheets. Lopez Decl. at ¶2.

On September 24, 2021, the date the parties agreed to exchange initial information and documents pursuant to General Order 71 (*see* D. E. 44), Randstad timely served its initial discovery. Lopez Decl. at ¶4. Randstad has not, to date, received initial information or documents from Plaintiff. *Id*. Randstad also notes that the bulk of Plaintiff's requests, as stated in the Discovery Motion, appear directed at Walmart, and not Randstad.

### B. Plaintiff Never Served A Formal Request For Production Of Documents On Randstad In This Case

Plaintiff has propounded no written discovery on Randstad to date in this case (or at all). *Id*. at ¶3. On September 7, 2021, Plaintiff advised via email that he would "be filing a formal request for production of documents related to my complaint this week." *Id*. at ¶3 and Ex. 2 (email chain). In response, Randstad advised Plaintiff that he did not need to file discovery requests with the Court, and that discovery requests are served directly on counsel. *Id*. In that same email, Randstad reminded Plaintiff that pursuant to the Joint Case Management Statement (D.E. 44), the parties were to exchange initial information and documents pursuant to General Order 71 on or before September 24, 2021. Lopez Decl. at ¶3 and Ex. 2 (email chain).

3

**OPPOSITION OF DEFENDANT RANDSTAD PROFESSIONALS US, LLC DBA RANDSTAD SOURCERIGHT TO PLAINTIFF'S MOTION TO COMPEL REQUEST FOR DOCUMENTS; REQUEST FOR SANCTIONS**

75495043v.2

Randstad further advised Plaintiff that while he was free to serve discovery requests in the interim, he may want to wait until the General Order 71 exchange is complete and then, if there was further information or documents he still wanted, to serve discovery requests at that time. *Id*. Randstad provided Plaintiff with a hyperlink to the General Order 71 discovery protocols. *Id*.

### C. **Plaintiff Sends Email On A Friday Advising He Intends To File Motion To Compel; Without Awaiting A Response And Without Meeting And Conferring Plaintiff Files The Discovery Motion That Monday**

As noted above, on Friday, September 24, 2021, Randstad timely served its initial discovery, pursuant to General Order 71. In its cover email attaching the same, Randstad noted that initial documents were previously produced on April 19, 2021. *Id*. at ¶4 and Ex. 3 (email chain). Plaintiff responded that, "[t]here were no previous discovery documents provided, therefore, I will be filing an immediate Motion to Compel …" *Id*.

On Monday, September 27, 2021, Plaintiff filed the Discovery Motion. *See* D.E. 52.

On Tuesday, September 28, 2021, Randstad responded to Plaintiff via email, and advised that Randstad had made its initial document production pursuant to General Order 71 on April 19, 2021. Lopez Decl. at ¶4 and Ex. 3 (email chain). Randstad provided Plaintiff with a screenshot showing the email sent to him, with the document production attached, on April 19, 2021. *Id*. Randstad asked Plaintiff to advise if he needed the documents resent. *Id*. Plaintiff has not responded on this issue. *Id*.

### D. **Randstad Requests That Plaintiff Withdraw The Motion But Plaintiff Refuses**

On September 28, 2021, Randstad asked Plaintiff to withdraw the Discovery Motion, and provided detailed information regarding why the Discovery Motion is improper. Lopez Decl. at ¶5 and Ex. 3 (email chain). Randstad also advised Plaintiff that if he refused to withdraw the Motion and Randstad was forced to prepare this Opposition and appear at hearing, it would seek sanctions against Plaintiff pursuant to Rule 37 of the Federal Rules

4

**OPPOSITION OF DEFENDANT RANDSTAD PROFESSIONALS US, LLC DBA RANDSTAD SOURCERIGHT TO PLAINTIFF'S MOTION TO COMPEL REQUEST FOR DOCUMENTS; REQUEST FOR SANCTIONS**

75495043v.2

of Civil Procedure and USDC Northern District Local Rule 37-4. *Id*. Plaintiff refused Randstad's request. *Id*.

## III. LEGAL ARGUMENT

### A. Plaintiff's Discovery Motion Should Be Denied Based Upon His Failure To Meet And Confer In Good Faith

A prerequisite to bringing a motion to compel discovery is a reasonable and good faith attempt to informally resolve the issues presented by the motion. Rule 37(a)(1) of the Federal Rules of Civil Procedure provides that, relating to a motion for an order compelling disclosure of discovery, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

USDC Northern District Local Rule 1.5 defines "meet and confer" as meaning "to communicate in good faith the issue(s) required under the particular Rule or Order … the mere sending of an [email] does not satisfy a requirement to "meet and confer" …" USDC Northern District Local Rule 37-1 states that, "[t]he Court ***will not entertain*** a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues" (emphasis added).

Here, as detailed above and in the accompanying Declaration of Kiran S. Lopez, Plaintiff did not even attempt to meet and confer in good faith before filing the Discovery Motion. The fact that Plaintiff chose to pursue the Discovery Motion despite his abject failure to meet and confer underscores the frivolous nature of Plaintiff's Motion. The Discovery Motion should be summarily denied based on Plaintiff's failure to meet and confer, alone.

5

**OPPOSITION OF DEFENDANT RANDSTAD PROFESSIONALS US, LLC DBA RANDSTAD SOURCERIGHT TO PLAINTIFF'S MOTION TO COMPEL REQUEST FOR DOCUMENTS; REQUEST FOR SANCTIONS**

75495043v.2

### B. Plaintiff's Discovery Motion Fails To Comply With USDC Northern District Local Rule 37-2

The Discovery Motion fails to comply with USDC Northern District Local Rule 37-2, which requires that "a motion to compel discovery further responses to discovery requests must set forth each request in full, followed immediately by the objections and/or responses thereto." The Discovery Motion does not do so (nor is it even possible, as Plaintiff never served formal requests for production of documents to which Randstad could object/respond).

### C. Plaintiff's Motion Was Brought Without Substantial Justification And Therefore Sanctions Should Be Imposed Against Him

It has become increasingly apparent that Plaintiff has embarked on a course of conduct designed to impose unnecessary and unreasonable burden and expense on Randstad. This is improper. Randstad respectfully asked Plaintiff on several occasions to withdraw the Discovery Motion, providing statutory authority in support, but Plaintiff refused. *See* Lopez Decl. at ¶5 and Ex. 3 (email chain).

Plaintiff did not act with any justification in filing this frivolous Discovery Motion, wasting the Court's time, and imposing significant costs on Randstad to oppose the Discovery Motion. Therefore, this Court should order Plaintiff to pay sanctions for his violations of Rule 37 of the Federal Rules of Civil Procedure and USDC Northern District Local Rules 37-1(a) and 37-2 in an amount that, in the Court's discretion, is appropriate to deter against Plaintiff's misuse of the court's time and resources to pursue frivolous motions. USDC N.D. L.R. 1-4 (Failure by counsel or a party to comply with any duly promulgated local rule or any Federal Rule may be a ground for imposition of any authorized sanction.).

6

**OPPOSITION OF DEFENDANT RANDSTAD PROFESSIONALS US, LLC DBA RANDSTAD SOURCERIGHT TO PLAINTIFF'S MOTION TO COMPEL REQUEST FOR DOCUMENTS; REQUEST FOR SANCTIONS**

75495043v.2

## IV. CONCLUSION

For each of the reasons set forth above, Randstad respectfully requests that this Court deny Plaintiff's Motion in its entirety, and impose sanctions against Plaintiff.

DATED: October 4, 2021

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Kiran S. Lopez*
Lindsay S. Fitch
Kiran S. Lopez
Attorneys for Defendant
RANDSTAD PROFESSIONALS US, LLC
d/b/a RANDSTAD SOURCERIGHT
(erroneously sued as Randstad Staffing, Randstad North America, Inc., and Randstad Sourceright)

**OPPOSITION OF DEFENDANT RANDSTAD PROFESSIONALS US, LLC DBA RANDSTAD SOURCERIGHT TO PLAINTIFF'S MOTION TO COMPEL REQUEST FOR DOCUMENTS; REQUEST FOR SANCTIONS**

75495043v.2