SEYFARTH SHAW LLP
Lindsay S. Fitch (SBN 238227)
lfitch@seyfarth.com
400 Capital Mall, Suite 2350
Sacramento, CA 95814
Telephone:    (916) 448-0159
Facsimile:    (916) 558-4839

Kiran S. Lopez (SBN 252467)
klopez@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:    (415) 397-2823
Facsimile:    (415) 397-8549

Attorneys for Defendant
RANDSTAD PROFESSIONALS US, LLC
d/b/a RANDSTAD SOURCERIGHT
(erroneously sued as Randstad Staffing, Randstad
North America, Inc., and Randstad Sourceright)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ROSS, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>WALMART LABS, a California Corporation; WALMART, INC., an Arkansas Corporation; RANDSTAD STAFFING, a California Corporation; RANDSTAD NORTH AMERICA, INC., a Georgia Corporation; RANDSTAND SOURCERIGHT, a Georgia Corporation; JASON CORBETT, an Individual; ASHLEY HOGAN, an Individual; and DOES 1 through 25, Inclusive,<br><br>    Defendants. | Case No. 5:21-cv-01945-SI<br><br>*(Assigned for All Purposes to the Hon. Susan Illston)*<br><br>**DECLARATION OF KIRAN S. LOPEZ IN SUPPORT OF OPPOSITION OF DEFENDANT RANDSTAD PROFESSIONALS US, LLC DBA RANDSTAD SOURCERIGHT TO PLAINTIFF'S MOTION TO COMPEL REQUEST FOR DOCUMENTS**<br><br>Date:       October 29, 2021<br>Time:       10:00 a.m.<br>Location:  San Francisco Courthouse<br>              Courtroom 1 - 17th Floor<br>              450 Golden Gate Avenue<br>              San Francisco, CA 94102<br><br>**[Filed concurrently with Opposition of Defendant Randstad Professionals US, LLC dba Randstad Sourceright to Plaintiff's Motion to Compel Request for Documents]** |

# DECLARATION OF KIRAN S. LOPEZ

I, Kiran S. Lopez, declare and state as follows:

1. I am an attorney at law, duly licensed to practice in this Court and before all Courts in the State of California. I am Counsel with the law firm of Seyfarth Shaw LLP, attorneys of record for Defendant Randstad Professionals US, LLC dba Randstad Sourceright ("Randstad"), in connection with the above-captioned matter. I have personal knowledge of the facts contained in this declaration, and if called as a witness I could and would testify as to their accuracy.

2. Randstad produced initial documents in this matter on April 19, 2019. The 180 pages of documents produced by Randstad on April 19, 2019 included, among other things, Plaintiff Barry Ross' ("Plaintiff") personnel file, pay records, and time sheets. A true and correct copy of a screenshot of my April 19, 2021 email to Plaintiff and counsel for Defendant Walmart Inc. ("Walmart") is attached hereto as **Exhibit 1**.

3. Plaintiff has propounded no written discovery on Randstad to date in this case (or at all). On September 7, 2021, Plaintiff advised me and Walmart via email that he would "be filing a formal request for production of documents related to my complaint this week." In response, I advised Plaintiff that he did not need to file discovery requests with the Court, and that discovery requests are served directly on counsel. In that same email, I reminded Plaintiff that pursuant to the Joint Case Management Statement, the parties were to exchange initial information and documents pursuant to General Order 71 on or before September 24, 2021. I further advised Plaintiff that while he was free to serve discovery requests in the interim, he may want to wait until the General Order 71 exchange is complete and then, if there was further information or documents he still wanted, to serve discovery requests at that time. I also provided Plaintiff with a hyperlink to the General Order 71 discovery protocols. A true and correct copy of the September 7, 2021 email chain between me, Plaintiff, and Walmart is attached hereto as **Exhibit 2**.

4. On September 24, 2021, the date the parties agreed to exchange initial information and documents pursuant to General Order 71, Randstad timely served its initial discovery. Randstad has not, to date, received initial information or documents from Plaintiff. In my cover email to Plaintiff and Walmart attaching Randstad's initial discovery, I noted that initial documents were previously produced by Randstad on April 19, 2021. Plaintiff responded that, "[t]here were no previous discovery documents provided, therefore, I will be filing an immediate Motion to Compel …" On Monday, September 27, 2021, Plaintiff filed his Motion to Compel Request for Documents (the "Discovery Motion"). On Tuesday, September 28, 2021, I responded to Plaintiff via email, and advised that Randstad had made its initial document production pursuant to General Order 71 on April 19, 2021. I provided Plaintiff with a screenshot showing the email sent to him (*see* Ex. 1, attached hereto), with the document production attached, on April 19, 2021. I asked Plaintiff to advise if he needed the documents resent. Plaintiff has not responded on this issue. A true and correct copy of the September 24 - October 1, 2021 email chain between me, Plaintiff, and Walmart is attached hereto as **Exhibit 3**.

5. On September 28, 2021, I asked Plaintiff to withdraw the Discovery Motion, and provided detailed information regarding why the Discovery Motion is improper. I also advised Plaintiff that if he refused to withdraw the Motion and Randstad was forced to prepare this Opposition and appear at hearing, it would seek sanctions against Plaintiff pursuant to Rule 37 of the Federal Rules of Civil Procedure and USDC Northern District Local Rule 37-4. Plaintiff refused Randstad's request. *See* Ex. 3, attached hereto.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 4th day of October, 2021, at Alamo, California.

*/s/ Kiran S. Lopez*
Kiran S. Lopez

3
**DECLARATION OF KIRAN S. LOPEZ IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**
75741433v.1

# EXHIBIT 1

EXHIBIT 1

Last web login:
Sep 27, 2021 3:56 pm  

Reply all    Forward    Move to Trash    Track    Print

# Randstad's Initial Document Production

**klopez@seyfarth.com**
Apr 19, 2021, 3:15 PM
bross@apexsearch.net, lfitch@seyfarth.com, klopez@seyfarth.com, nwoo@fordharrison.com, treed@fordharrison.com
1 attachment -Expired : May 19, 2021

Dear Mr. Ross,

Please find attached Randstad's initial document production. Please let us know if you have any issues accessing the documents.

Best,
Kiran


File attachment expired: May 19, 2021

| | Name | Size |
|---|---|---|
| ☐ | Randstad's Initial Document Production (Ross v. Randstad, Walm | 29.6 MB |

# EXHIBIT 2

# EXHIBIT 2

**From:** Lopez, Kiran S
**Sent:** Tuesday, September 7, 2021 12:01 PM
**To:** 'bross apexsearch.net'
**Cc:** Tim Reed; Noah M. Woo; Fitch, Lindsay
**Subject:** RE: Request for Production of Documents (Ross v. Walmart Labs)

Dear Mr. Ross,

Thank you for your email. Please note that you do not need to file discovery requests with the court. Those are served directly on counsel.

Pursuant to the Joint Case Management Statement, the parties are to exchange initial information and documents pursuant to General Order 71 on or before September 24, 2021. While you are free to serve discovery requests in the interim, typically we will conduct the General Order 71 exchange and then, if there is further information/documents you want, you would serve discovery requests at that time. In the event it is helpful, here is a link to the General Order 71 discovery protocols: https://www.cand.uscourts.gov/filelibrary/3308/GO_71_1-16-2018.pdf

Best,
Kiran

-----Original Message-----
From: bross apexsearch.net <bross@apexsearch.net>
Sent: Tuesday, September 7, 2021 11:27 AM
To: Lopez, Kiran S <KLopez@seyfarth.com>
Cc: Tim Reed <treed@fordharrison.com>; Noah M. Woo <NWoo@fordharrison.com>; Fitch, Lindsay <LFitch@seyfarth.com>
Subject: Request for Production of Documents (Ross v. Walmart Labs)

[EXT. Sender]

Hello Tim and Kiran

I will be filing a formal request for production of documents related to my complaint this week.  The list will be as follows:

Walmart Labs Investigative Report into my complaint
Randstad Investigative Report into my complaint
EEO Reports - Walmart Labs (2000 - 2021)
Employee file for Jason Corbett
Employee file for Ashley Hogan

Thanks,

Barry

# EXHIBIT 3

EXHIBIT 3

| | |
|---|---|
| **From:** | Lopez, Kiran S |
| **Sent:** | Friday, October 1, 2021 1:33 PM |
| **To:** | 'bross apexsearch.net' |
| **Cc:** | Noah M. Woo; Fitch, Lindsay; Tim Reed; Blackwell, Juliana |
| **Subject:** | RE: Randstad's Initial G.O. 71 Discovery |

Dear Mr. Ross,

Randstad's first notice of any complaint by you was when it received your EEOC Charge. There are no investigation documents to produce. Please let me know by COB today (5pm PST) whether or not you intend to withdraw your motion. Thank you.

Best,

Kiran

---

**From:** bross apexsearch.net <bross@apexsearch.net>
**Sent:** Friday, October 1, 2021 12:53 PM
**To:** Lopez, Kiran S <KLopez@seyfarth.com>
**Cc:** Noah M. Woo <NWoo@fordharrison.com>; Fitch, Lindsay <LFitch@seyfarth.com>; Tim Reed <treed@fordharrison.com>; Blackwell, Juliana <JBlackwell@seyfarth.com>
**Subject:** Re: Randstad's Initial G.O. 71 Discovery

**[EXT. Sender]**

Yes I requested a copy of the Randstad investigation into my complaint.

Sent from my iPhone

> On Oct 1, 2021, at 3:43 PM, Lopez, Kiran S <KLopez@seyfarth.com> wrote:
>
> Dear Mr. Ross,
>
> In my email below I invited you to send me a list of documents you are specifically requesting from Randstad. Please do so if there are documents you believe exist that have not yet been produced. Furthermore, you have not noticed any Randstad depositions and I cannot speak to the Walmart depositions.
>
> I will take this to mean that you do not intend to withdraw your motion today, and accordingly Randstad will file its opposition on Monday and seek sanctions as previously advised.
>
> Best,
>
> Kiran

**Kiran S. Lopez** | Counsel | Seyfarth Shaw LLP
560 Mission Street | Suite 3100 | San Francisco, California 94105-2930
Direct: +1-415-732-1102 | Fax: +1-415-397-8549
klopez@seyfarth.com | http://www.seyfarth.com



CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** bross apexsearch.net [apexsearch.net] <bross@apexsearch.net>
**Sent:** Friday, October 1, 2021 12:23 PM
**To:** Lopez, Kiran S <KLopez@seyfarth.com>
**Cc:** Noah M. Woo <NWoo@fordharrison.com>; Fitch, Lindsay <LFitch@seyfarth.com>; Tim Reed <treed@fordharrison.com>; Blackwell, Juliana <JBlackwell@seyfarth.com>
**Subject:** Re: Randstad's Initial G.O. 71 Discovery

**[EXT. Sender]**

Thanks for clarifying, but I will not withdraw my motion, until I receive confirmation that your firm(s) intend to produce the requested documents and also confirm the requested depositions.

Barry

Sent from my iPhone

> On Oct 1, 2021, at 1:03 PM, Lopez, Kiran S <KLopez@seyfarth.com> wrote:
>
> Dear Mr. Ross,
>
> To clarify, I advised you that discovery requests are served directly on the parties and are not something that is filed with the court. To date, you have not served Randstad (or Walmart) with any formal requests for production. https://www.law.cornell.edu/rules/frcp/rule_34 [law.cornell.edu]
>
> The document requests you list in your motion appear primarily directed to Walmart. If you'd like to send me a list of documents you are specifically requesting from Randstad I will review your requests and, to the extent that the documents you seek exist, are not privileged, are in Randstad's possession, and have not yet been produced in this case, I will be happy to work with you to get you what you need. If that is agreeable, we would appreciate confirmation today that you will withdraw your motion. Otherwise, we will proceed with filing an opposition on Monday.

2

Best,

Kiran

**Kiran S. Lopez** | Counsel | Seyfarth Shaw LLP
560 Mission Street | Suite 3100 | San Francisco, California 94105-2930
Direct: +1-415-732-1102 | Fax: +1-415-397-8549
klopez@seyfarth.com | http://www.seyfarth.com



CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** bross apexsearch.net [apexsearch.net] <bross@apexsearch.net>
**Sent:** Thursday, September 30, 2021 12:52 PM
**To:** Lopez, Kiran S <KLopez@seyfarth.com>; 'Noah M. Woo' <NWoo@fordharrison.com>
**Cc:** Fitch, Lindsay <LFitch@seyfarth.com>; Tim Reed <treed@fordharrison.com>; Blackwell, Juliana <JBlackwell@seyfarth.com>
**Subject:** Re: Randstad's Initial G.O. 71 Discovery

**[EXT. Sender]**

Dear Mr. Reed

Ashley Hogan has not made an appearance for a deposition conducted by me, and I'm expecting to depose him based upon my submitted request. Initially, Kiran indicated that there was no need to file my initial requests for documents, as the requested documents would be submitted along with your initial disclosures, which is why I have not officially filed them. However, since none of those documents were produced, I filed a Motion to Compel.

Regardless, you still haven't produced any of the requested documents, and I will be filing the request today. I'm amenable to discussing the timeline for the production of these documents asap, however, until there's a confirmed conference to discuss further, I will not be withdrawing my motion.

Your firm has also failed to respond to my repeated requests to confirm depositions for Ashley Hogan and Jason Corbett.

Regards,

Barry D. Ross

**From:** "Lopez, Kiran S" <KLopez@seyfarth.com>
**Date:** Thursday, September 30, 2021 at 2:50 PM

**To:** "'Noah M. Woo'" <NWoo@fordharrison.com>, "bross apexsearch.net" <bross@apexsearch.net>
**Cc:** "Fitch, Lindsay" <LFitch@seyfarth.com>, Tim Reed <treed@fordharrison.com>, "Blackwell, Juliana" <JBlackwell@seyfarth.com>
**Subject:** RE: Randstad's Initial G.O. 71 Discovery

Dear Mr. Ross,

In follow up to Noah's email below, please respond <u>only</u> to defendants' request that you withdraw your improper motion to compel discovery. You have not served any formal requests for production of documents in this case and, therefore, <u>there is nothing to compel</u>. We urge you to avoid this waste of the court's and defendants' time and resources, and ask that you confirm immediately that you will withdraw the motion. Thank you.

Best,

Kiran


**Kiran S. Lopez** | Counsel | Seyfarth Shaw LLP
560 Mission Street | Suite 3100 | San Francisco, California 94105-2930
Direct: +1-415-732-1102 | Fax: +1-415-397-8549
klopez@seyfarth.com | http://www.seyfarth.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** Noah M. Woo <NWoo@fordharrison.com>
**Sent:** Thursday, September 30, 2021 11:45 AM
**To:** bross apexsearch.net [apexsearch.net] <bross@apexsearch.net>; Lopez, Kiran S <KLopez@seyfarth.com>
**Cc:** Fitch, Lindsay <LFitch@seyfarth.com>; Tim Reed <treed@fordharrison.com>; Blackwell, Juliana <JBlackwell@seyfarth.com>
**Subject:** RE: Randstad's Initial G.O. 71 Discovery


**[EXT. Sender]**

Dear Mr. Ross,

We plan to respond to your request to schedule the unilaterally noticed depositions in a separate email. As you are aware, Mr. Hogan just made an appearance in this matter.

Further, to be absolutely clear, we have not asked you to remove or withdraw your complaint from federal court. Rather, Walmart has asked you to withdraw the motion to compel that you filed earlier this week. As Ms. Kiran has clearly articulated in the email

4

below, you did not comply with the Court's Local Rules. We hope to avoid wasting the Court's time and resources associated with motion practice. However, **unless our office receives notice from you today that you plan to withdraw the motion to compel**, please be advised that our office will have no choice but to prepare the opposition brief (which is currently due on October 4, 2021) and request appropriate sanctions. Thank you.

Best Regards,

Noah M. Woo

---

**From:** bross apexsearch.net [apexsearch.net] [mailto:bross@apexsearch.net]
**Sent:** Thursday, September 30, 2021 10:15 AM
**To:** Noah M. Woo <NWoo@fordharrison.com>; Lopez, Kiran S <KLopez@seyfarth.com>
**Cc:** Fitch, Lindsay <LFitch@seyfarth.com>; Tim Reed <treed@fordharrison.com>; Blackwell, Juliana <JBlackwell@seyfarth.com>
**Subject:** Re: Randstad's Initial G.O. 71 Discovery
**Importance:** High


Dear Counsel:

As you're aware, I've requested specific documents since I initially filed my complaint in December 2020 with the Santa Clara Superior Court. I've also repeatedly requested these documents, since our Joint Conference with Judge Illston. Furthermore, I've asked for confirmation of depositions for Jason Corbett and Ashley Hogan, to which you've ignored consistently. I also indicated that I was available to conduct my deposition sooner than 11/8/21, yet, you've refused to engage in meaningful discussions, with regard to discovery.

Your firm has consistently acted in bad faith, throughout these proceedings, and I will ask the court to impose sanctions, if this deliberate conduct continues. Removing my complaint to federal court, is just another attempt to delay the judicial process, however, I will no longer accept your obstinate behavior with regard to my complaint.

I have no other choice, except to ask the Court to intervene, unless your firm responds to my repeated requests for documents and confirmation of depositions. There are several other Walmart employees, that I intend to depose, and the production of these documents are essential to my deposition questioning.

As for your threats with regard to sanctions, I am unconcerned, because I've exhausted my attempts to encourage your firm to act in good faith. Also, as a result of Jason Corbett's racist and deliberate actions, I was homeless for a few months and had to find shelter with relatives. Therefore, your threats are meaningless to me.

Regards,

Barry D. Ross


**From:** "Noah M. Woo" <NWoo@fordharrison.com>
**Date:** Tuesday, September 28, 2021 at 7:38 PM

**To:** "Lopez, Kiran S" <KLopez@seyfarth.com>, "bross apexsearch.net [apexsearch.net]" <bross@apexsearch.net>
**Cc:** "Fitch, Lindsay" <LFitch@seyfarth.com>, Tim Reed <treed@fordharrison.com>, "Blackwell, Juliana" <JBlackwell@seyfarth.com>
**Subject:** RE: Randstad's Initial G.O. 71 Discovery

Dear Mr. Ross,

Defendants Walmart, Jason Corbett, and Ashley Hogan also agree with Ms. Lopez's position that the motion should be immediately withdrawn.

We hope to avoid wasting the Court's time based on the reasons set forth in Ms. Lopez's email. Please be advised that if our office is forced to prepare an opposition brief and/or appear for the hearing, we will have no choice but to request sanctions.

Please immediately advise whether you will withdraw the motion. Thank you.

Best Regards,
Noah M. Woo

---

**From:** Lopez, Kiran S [mailto:KLopez@seyfarth.com]
**Sent:** Tuesday, September 28, 2021 3:55 PM
**To:** 'Barrington' <bross@apexsearch.net>
**Cc:** Fitch, Lindsay <LFitch@seyfarth.com>; Tim Reed <treed@fordharrison.com>; Noah M. Woo <NWoo@fordharrison.com>; Blackwell, Juliana <JBlackwell@seyfarth.com>
**Subject:** RE: Randstad's Initial G.O. 71 Discovery
**Importance:** High


Mr. Ross,

Randstad is in receipt of your Motion to Compel Request for Documents (D.E. 52). Please consider this Randstad's formal request that you immediately withdraw your motion.

First, you have not served any formal document requests in this case that would serve as the basis for such a motion.

Second, you failed to meet and confer with Randstad prior to filing your motion. USDC Northern District Local Rule 37-1(a) requires that, pursuant to FRCP 37, a conference between counsel be held for the purpose of attempting to resolve all disputed issues. This did not occur. Instead, you erroneously stated that "no previous discovery documents [were] provided" - although they had been served by Randstad on you via email on April 19, 2021 (and included your personnel file) - and advised you would be filing a motion to compel. This was on Friday afternoon. Without meeting and conferring, and despite the fact that prior to your email Randstad had served both initial documents and information pursuant to General Order 71 (and following your email Walmart did the same), on Monday you proceeded to filed your motion in clear contravention of both FRCP 37 and L.R 37-1(a).

6

Third, your motion fails to comply with L.R. 37-2, which required that "a motion to compel discovery further responses to discovery requests must set forth each request in full, followed immediately by the objections and/or responses thereto." Your motion does not do so, nor is it possible since you never served formal requests for production of documents to which Randstad could object/respond.

If you refuse to withdraw your motion and Randstad must prepare an opposition brief and appear at hearing, please be aware that Randstad will seek sanctions against you pursuant to FRCP 37 and L.R. 37-4, in an amount that, in the Court's discretion, is appropriate to deter you against your misuse of the Court's time and resources to pursue frivolous motions. Please advise.

Best,

Kiran


**Kiran S. Lopez** | Counsel | Seyfarth Shaw LLP
560 Mission Street | Suite 3100 | San Francisco, California 94105-2930
Direct: +1-415-732-1102 | Fax: +1-415-397-8549
klopez@seyfarth.com | www.seyfarth.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** Lopez, Kiran S <KLopez@seyfarth.com>
**Sent:** Tuesday, September 28, 2021 11:20 AM
**To:** 'Barrington' <bross@apexsearch.net>
**Cc:** Fitch, Lindsay <LFitch@seyfarth.com>; Tim Reed <treed@fordharrison.com>; Noah M. Woo <NWoo@fordharrison.com>; Blackwell, Juliana <JBlackwell@seyfarth.com>
**Subject:** RE: Randstad's Initial G.O. 71 Discovery

Dear Mr. Ross,

Randstad made its initial document production pursuant to General Order 71 on April 19, 2021. Please see attached. The documents were emailed to you and Walmart's counsel via Kiteworks due to the size of the file. If you need the documents resent, please advise.

Best,

Kiran

**From:** Barrington <bross@apexsearch.net>
**Sent:** Friday, September 24, 2021 2:31 PM
**To:** Lopez, Kiran S <KLopez@seyfarth.com>
**Cc:** Fitch, Lindsay <LFitch@seyfarth.com>; Tim Reed <treed@fordharrison.com>; Noah M. Woo <NWoo@fordharrison.com>; Blackwell, Juliana <JBlackwell@seyfarth.com>
**Subject:** Re: Randstad's Initial G.O. 71 Discovery

**[EXT. Sender]**

There were no previous discovery documents provided, therefore, I will be filing an immediate Motion to Compel, along with a list of requested documents, including my employee file, Jason Corbett and Ashley Hogan's employee file.

I will also be requesting a copy of the Walmart and Randstad investigative report into my complaint. The additional documents will also include, Walmart's EEO-1 reports dating back to 2015.

Regards,

Barry

Sent from my iPad

> On Sep 24, 2021, at 3:59 PM, Lopez, Kiran S <KLopez@seyfarth.com> wrote:
>
> Please find attached Randstad's initial discovery, pursuant to General Order 71. Initial documents were previously produced on April 19, 2021.
>
> Best,
>
> Kiran
>
> **Kiran S. Lopez** | Counsel | Seyfarth Shaw LLP
> Direct: +1-415-732-1102 | Fax: +1-415-397-8549

**Kiran S. Lopez** | Counsel | Seyfarth Shaw LLP
560 Mission Street | Suite 3100 | San Francisco, California 94105-2930
Direct: +1-415-732-1102 | Fax: +1-415-397-8549
klopez@seyfarth.com | www.seyfarth.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

<Randstad_s Initial Discovery - General Order 71 (Ross v. Randstad, Walmart))(75302811v1).PDF>

ATTORNEY WORK PRODUCT - PRIVILEGED & CONFIDENTIAL

*[fordharrison.com]*

The information contained in this message from Ford & Harrison LLP and any attachments are privileged and confidential and intended only for the named recipient(s). If you have received this message in error, you are prohibited from reviewing, copying, distributing or using the information. Please contact the sender immediately by return email and delete the original message and attachments. In the absence of an executed engagement letter or fee contract, no attorney client relationship is established by this communication.