Timothy L. Reed, SBN 258034
Noah M. Woo, SBN 311123
**FORD & HARRISON LLP**
1901 Harrison Street, Suite 1650
Oakland, California 94612
Telephone:   (415) 852-6912
Emails:      treed@fordharrison.com
             nwoo@fordharrison.com

Attorneys for Defendants WALMART INC., JASON CORBETT, and ASHLEY HOGAN

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ROSS, an individual, <br><br> Plaintiff, <br><br> v. <br><br> WALMART LABS, a California Corporation; WALMART, INC., an Arkansas Corporation; RANDSTAD STAFFING, a California Corporation; RANDSTAD NORTH AMERICA, INC., a Georgia Corporation; RANDSTAND SOURCERIGHT, a Georgia Corporation; JASON CORBETT, an Individual; ASHLEY HOGAN, an Individual; and DOES 1-25, Inclusive, <br><br> Defendants. | Case No. 5:21-cv-01945-SI <br> Assigned to Hon. Susan Illston <br><br> **DEFENDANTS WALMART INC., JASON CORBETT, AND ASHLEY HOGAN'S[1] OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL** <br><br> Hearing Date:   October 29, 2021 <br> Time:           11:00 a.m. <br> Courtroom:      1 <br><br> Action Filed:    December 1, 2020 <br> Action Removed:  March 19, 2021 |

---

[1] On September 29, 2021, Mr. Hogan filed his Answer in this matter.  It is unclear whether Plaintiff intended to file the Motion to Compel against Mr. Hogan.  As a precaution, Mr. Hogan joins this opposition brief.

-1-    DEFENDANTS WALMART INC., JASON CORBETT, AND ASHLEY HOGAN'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
CASE NO. 5:21-CV-01945-SI

## I. INTRODUCTION

Plaintiff Barry Ross ("Plaintiff") has filed a frivolous motion to compel. Despite failing to serve discovery requests on any of the defendants, Plaintiff seeks to compel production of documents. Defendants Walmart Inc., Jason Corbett, and Ashley Hogan ("Defendants") are forced to file this opposition brief and respectfully request appropriate sanctions against Plaintiff to deter subsequent misconduct. Despite Defendants' efforts to avoid wasting this Court's time and repeated efforts to inform Plaintiff of this Court's Local Rules, Plaintiff continues to disregard such rules and attempts to circumvent basic procedural rules mandated by statute. Plaintiff further muddies the water by raising tangential issues irrelevant to his motion to compel or the issue before this Court (e.g., Initial Disclosures regarding General Order No. 71[2]). Defendants respectfully request that the Court disregard Plaintiff's representations as they are either grossly exaggerated, not supported by any affidavit, and/or have no bearing to whether the Court should grant or deny Plaintiff's motion to compel.

For these reasons, and as described further below, Defendants respectfully request that the Court deny Plaintiff's motion and grant appropriate sanctions.

## II. FACTUAL SUMMARY AND PROCECURAL HISTORY

On September 7, 2021, Plaintiff advised counsel for Defendants and Randstad via email that he planned to file a formal request for production of documents related to his complaint. (Declaration of Noah M. Woo ("Woo Decl."), ¶ 3, Exhibit A.) Randstad's counsel reminded Plaintiff that he did not have to file discovery requests with the Court, but such requests should be served directly on counsel. (Woo Decl., ¶ 4, Exhibit B.) Subsequently, Plaintiff did not serve any discovery requests on any defendant. (Woo Decl., ¶ 5.)

On September 24, 2021, after Randstad supplemented its initial disclosures pursuant to Northern District General Order No. 71,[3] Plaintiff advised Defendants and Randstad that he

---

[2] Plaintiff raises tangential issues with Defendants' initial disclosures and how only non-confidential documents were produced. However, Plaintiff fails to share that Defendants have advised all parties in this matter that they were in the process of preparing and circulating a protective order for the purpose of supplementing their disclosures with additional documents. (Exhibit C.)

[3] Plaintiff has entirely failed to meet his obligation to provide initial disclosures pursuant to General Order No. 71, despite his agreement to the September 24, 2021 deadline. (*See* Dkt. No. 44.)

planned to file a motion to compel to seek additional documents, including personnel files[4] and investigative reports from Walmart Labs[5]. (Woo Decl., ¶ 6, Exhibit C.) Again, however, he did not formally serve any defendant with any requests for production for documents. (Woo Decl., ¶ 7.)

On September 27, 2021, despite not serving any discovery on Defendants – or engaging in the meet-and-confer process mandated by the Federal Rule of Civil Procedure 37, Local Rule 37-1, and the Court's Standing Order, Plaintiff filed the instant Motion to Compel against Defendants and Randstad. (Woo Decl., ¶ 8.)

On September 28, 2021, Randstad's counsel and Defendants' counsel advised Plaintiff that he should immediately withdraw his motion to compel because Plaintiff: (1) never served any formal document requests on any defendant and (2) failed to meet and confer pursuant to Northern District Local Rule 37-1(a). (Woo Decl., ¶ 9, Exhibit D.) Plaintiff was also reminded that the motion was a waste of this Court's time and that Defendants planned on requesting sanctions if Defendants were forced to prepare opposition briefs and appear for a hearing. (*Id.*)

On September 30, 2021, Plaintiff emailed Defendants and Randstad and accused them of engaging in bad-faith actions, while undertaking an off-topic discussion concerning the propriety of his case being removed from state to federal court. (Woo Decl., ¶ 10, Exhibit E.) In response, Defendants' counsel provided further clarification that Defendants are simply asking Plaintiff to withdraw his motion based on his failure to comply with the Court's Local Rules. (*Id.*) Defendants again informed Plaintiff that it would be a waste of time to move forward with the motion. (*Id.*) Randstad's counsel also urged Plaintiff to withdraw the motion as there was nothing for the Court to compel. (*Id.*)

On October 1, 2021, Randstad's counsel again advised Plaintiff that discovery requests should be directly served on counsel, not with the Court. (Woo Decl., ¶ 11, Exhibit F.) Plaintiff appreciated the clarification but declined to withdraw his motion, unless documents were

---

[4] Plaintiff's request for Walmart's personnel records for associates employees also raises privacy concerns and a protective order will be necessary.
[5] Plaintiff repeatedly references a "Walmart Labs" entity in Exhibit A of his motion and the allegations in the Complaint. Walmart Labs is not an actual legal entity.

informally produced to him and depositions were confirmed.  (*Id.*)

As of the filing of this opposing brief, Plaintiff has not withdrawn his motion.  (Woo Decl., ¶ 12.)

### III.     LEGAL ARGUMENT

#### A.     Plaintiff Did Not Propound Any Discovery On Defendants.

Rule 37 allows a party to move for an order compelling disclosure or discovery.  Fed. R. Civ. P. 37.  "A party seeking discovery may move for an order compelling. . . production . . . if . . . a party fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34."  *See* Fed. R. Civ. P. 37(a)(3)(B)(iv). Here, Plaintiff has not served any discovery requests on Defendants. Rather, Plaintiff's purported request for documents amounts to a September 7, 2021 email (*see* Exhibit A to Plaintiff's Motion to Compel), where Plaintiff states that he "will be filing a formal request for production of documents."  To date, however, Plaintiff has not served any discovery requests on any defendant. Further, even assuming *arguendo* that his September 7 email constitutes a valid set of requests for production of documents, the email is ambiguous as to which documents Plaintiff seeks from which defendants.  Put simply, there are no requests from which to compel production of documents.

Accordingly, Defendants request that the Court deny Plaintiff's motion.

#### B.     Plaintiff Did Meet-And-Confer With Defendants Prior To Filing His Motion.

Local Rule 37-1 states that the "Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues."  L.R. 37-1(a).  Further, pursuant to the Court's Standing Order, the parties shall meet and confer in person, or, if counsel are located outside the Bay Area, by telephone, to attempt to resolve their dispute informally. (Rule 3 of Judge Illston's Standing Order.)  A mere exchange of letters, emails, telephone calls, or facsimile transmissions does not satisfy the requirement to meet and confer. *Id.*

As stated above, Plaintiff did not make any attempt to confer in good faith prior to bringing the instant motion. Despite Defendants' efforts to confer with Plaintiff after he filed his

motion, which included directing Plaintiff to the applicable code sections, Plaintiff did not wish to withdraw the instant motion. Federal Rules Code of Civil Procedure Rule 37 also requires a certification that the moving party attempted to confer in good faith. Plaintiff did not provide any certification in support of his motion. This Court should deny Plaintiff's Motion to Compel on the grounds that he failed to engage in the meet and confer process as required by Local Rules and Fed. R. Civ. P 37.

        **C.**    **Rule 37(B) Allows Defendants To Recover Attorneys' Fees As Sanctions.**

Rule 37(B) states that if a motion is denied, "the court . . . must, after giving an opportunity to be heard, require the movant . . . to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(B). Here, there is no basis for Plaintiff to bring this motion. Defendants also informed Plaintiff of his failure to serve actual discovery requests and failure to comply with the Federal Rules of Civil Procedure, the Northern District's Local Rules, and the Court's Standing Order. However, Plaintiff unreasonably refuses to withdraw the instant motion. In total, Defendants have incurred $1,146.50 in attorneys' fees reviewing Plaintiff's motion and preparing the instant opposition brief and declaration and expect to incur an additional 1.5 hours preparing and appearing for the hearing. (Woo Decl., ¶ 13.) Defendants respectfully request the Court to sanction Plaintiff an appropriate amount to deter Plaintiff from filing frivolous discovery motions in the future.

**IV.**    **CONCLUSION**

Defendants respectfully request that this Court deny Plaintiff's Motion to Compel and grant their request for sanctions.

Date: October 4, 2021                                Respectfully submitted,

                                                                       FORD & HARRISON LLP

                                                                       By: */s/Noah M. Woo*
                                                                           Timothy L. Reed
                                                                           Noah M. Woo
                                                                           Attorneys for Defendants
                                                                           Walmart Inc., Ashley Hogan, and Jason Corbett

## PROOF OF SERVICE

I am a United States citizen and an employee of FordHarrison, LLP, 1901 Harrison Street, Suite 1650, Oakland, California 94612 located in Alameda County. I am over eighteen (18) years and not a party to the within action.

On October 4, 2021, I electronically served the document described below on the recipients designated on the Notice of Electronic Filing (NEF) generated by the United States District Court, Northern District of California website.

**DEFENDANTS WALMART INC., JASON CORBETT, AND ASHLEY HOGAN'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

I declare under penalty of perjury that the foregoing is true and correct and that this document is executed on October 4, 2021, in Oakland, California.

*/s/ Maureen E. Lechwar*

Maureen E. Lechwar