Timothy L. Reed, Bar No. #258034
treed@fordharrison.com
Noah M. Woo, Bar No. #311123
nwoo@fordharrison.com
**FORD & HARRISON LLP**
1901 Harrison Street, Suite 1650
Oakland, CA 94612
Phone:  (415) 852-6910

Attorneys for Defendants WALMART INC.
and JASON CORBETT

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ROSS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WALMART LABS, a California Corporation; WALMART, INC., an Arkansas Corporation; RANDSTAD STAFFING, a California Corporation; RANDSTAD NORTH AMERICA, INC., a Georgia Corporation; RANDSTAND SOURCERIGHT, a Georgia Corporation; JASON CORBETT, an Individual; ASHLEY HOGAN, an Individual; and DOES 1-25, Inclusive,<br><br>Defendants. | CASE NO. 5:21-cv-01945-SI<br>Assigned to Hon. Susan Illston<br><br>**DECLARATION OF NOAH M. WOO IN SUPPORT OF DEFENDANTS WALMART INC., JASON CORBETT, AND ASHLEY HOGAN'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**<br><br>Hearing Date:  October 29, 2021<br>Time:  11:00 a.m.<br>Courtroom:  1<br><br>Action Filed:  December 1, 2020<br>Action Removed:  March 19, 2021 |

CASE NO. Case No. 5:21-cv-01945-SI

-1-

DECLARATION OF NOAH M. WOO IN SUPPORT OF DEFENDANTS WALMART INC., JASON CORBETT, AND ASHLEY HOGAN'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

**DECLARATION OF NOAH M. WOO**

I, Noah M. Woo, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am a Senior Associate for Ford & Harrison LLP, attorney of record for defendants Walmart Inc., Jason Corbett, and Ashley Hogan (collectively, "Defendants"). I have personal knowledge of the facts set forth herein. If called as a witness, I could and would competently testify to the matters stated herein. I make this declaration in support of Defendants Walmart Inc, Jason Corbett, and Ashley Hogan's Opposition to Plaintiff's Motion to Compel.

2. I have personal knowledge of each of the matters set forth below and, if called as a witness, could and would testify completely to each of them under oath.

3. On September 7, 2021, Plaintiff advised our office (and Randstad's counsel) via email that he planned to file a formal request for production of documents related to his complaint. Attached as **Exhibit A** is a true and correct copy of Plaintiff's email.

4. On September 7, 2021, I was copied to an email in which Randstad's counsel reminded Plaintiff that he did not have to file discovery requests with the Court, but such requests should be served directly on counsel. Attached as **Exhibit B** is a true and correct copy of Randstad's counsel's email.

5. Subsequent to Randstad's counsel sending the September 7 email, Plaintiff did not serve any discovery requests on any defendants.

6. On September 24, 2021, after Randstad supplemented its initial disclosures pursuant to Northern District General Order No. 71, Plaintiff advised our office and Randstad's counsel that he planned to file a motion to compel to seek additional documents, including personnel files and investigative reports from Walmart Labs. Attached as **Exhibit C** is a true and correct copy of Plaintiff's email regarding his intent to file motion to compel.

7. By September 24, 2021, Plaintiff did not formally serve any defendant with any requests for production for documents.

8. On September 27, 2021, despite not serving any discovery on Defendants – or engaging in the meet-and-confer process mandated by the Federal Rule of Civil Procedure 37, Local

Ford & Harrison LLP
Attorneys At Law
Oakland

-2-
DECLARATION OF NOAH M. WOO IN SUPPORT OF DEFENDANTS WALMART INC., JASON CORBETT, AND ASHLEY HOGAN'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Rule 37-1, and the Court's Standing Order, Plaintiff filed the instant Motion to Compel against Defendants and Randstad.

9. On September 28, 2021, I (along with Randstad's counsel) advised Plaintiff that he should immediately withdraw his motion to compel because Plaintiff: (1) never served any formal document requests on any defendant and (2) failed to meet and confer pursuant to Northern District Local Rule 37-1(a). Plaintiff was also reminded that the motion was a waste of this Court's time and that Defendants planned on requesting sanctions if Defendants were forced to prepare opposition briefs and appear for a hearing. Attached as **Exhibit D** is a true and correct copy of emails sent to Plaintiff regarding Randstad's and Defendants' requests for withdrawal of Plaintiff's motion to compel.

10. On September 30, 2021, Plaintiff emailed Randstad's counsel and our office and accused us of engaging in bad-faith actions, while undertaking an off-topic discussion concerning the propriety of his case being removed from state to federal court. In response, I provided further clarification that Defendants are simply asking Plaintiff to withdraw his motion based on his failure to comply with the Court's Local Rules. I again informed Plaintiff that it would be a waste of time to move forward with the motion. Randstad's counsel also urged Plaintiff to withdraw the motion as there was nothing for the Court to compel. Attached as **Exhibit E** is a true and correct copy of Plaintiff's email regarding his intent to file motion to compel.

11. On October 1, 2021, Randstad's counsel again advised Plaintiff that discovery requests should be directly served on counsel, not with the Court. Plaintiff appreciated the clarification but declined to withdraw his motion, unless documents were informally produced to him and depositions were confirmed. Attached as **Exhibit F** is a true and correct copy of emails exchanged between Plaintiff and Randstad's counsel.

12. As of the filing of Defendants' opposition, Plaintiff has not withdrawn his motion.

13. I am familiar with FordHarrison's billing practices and procedures. Timothy L. Reed, who is the partner handling this matter, bills at a rate of $340. My hourly rate for this action is $265. In total, I spent 3.3 hours preparing the brief and declaration with exhibits. Mr. Reed spent 0.8 hour also reviewing and preparing the opposition brief. In total, Defendants have incurred $1,146.50 in attorneys' fees to oppose the instant motion. We also expect to incur an additional 1.5 hours

FORD & HARRISON LLP
ATTORNEYS AT LAW
OAKLAND

1 | preparing and appearing for the hearing.

2 |     I declare under penalty of perjury under the laws of the State of California that the foregoing is

3 | true and correct. Executed on this 4th day of October 2021, at Oakland, California.

                    /s/*Noah M. Woo*
                    NOAH M. WOO

Ford & Harrison LLP
Attorneys At Law
Oakland

-4-
DECLARATION OF NOAH M. WOO IN SUPPORT OF DEFENDANTS WALMART INC., JASON CORBETT, AND ASHLEY HOGAN'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

# PROOF OF SERVICE

I am a United States citizen and an employee of FordHarrison, LLP, 1901 Harrison Street, Suite 1650, Oakland, California 94612 located in Alameda County. I am over eighteen (18) years and not a party to the within action.

On October 4, 2021, I electronically served the document described below on the recipients designated on the Notice of Electronic Filing (NEF) generated by the United States District Court, Northern District of California website.

**DECLARATION OF NOAH M. WOO IN SUPPORT OF DEFENDANTS WALMART INC., JASON CORBETT, AND ASHLEY HOGAN'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

I declare under penalty of perjury that the foregoing is true and correct and that this document is executed on October 4, 2021, in Oakland, California.

*/s/ Maureen E. Lechwar*

Maureen E. Lechwar

Ford & Harrison LLP
Attorneys At Law
Oakland

-5-
DECLARATION OF NOAH M. WOO IN SUPPORT OF DEFENDANTS WALMART INC., JASON CORBETT, AND ASHLEY HOGAN'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

# EXHIBIT A

From: bross https://protect-us.mimecast.com/s/i30VCG6wvwIJ1l2Ntp05-i?domain=apexsearch.net <bross@apexsearch.net>
Sent: Tuesday, September 7, 2021 11:27 AM
To: Lopez, Kiran S <KLopez@seyfarth.com>
Cc: Tim Reed <treed@fordharrison.com>; Noah M. Woo <NWoo@fordharrison.com>; Fitch, Lindsay <LFitch@seyfarth.com>
Subject: Request for Production of Documents (Ross v. Walmart Labs)

Hello Tim and Kiran

I will be filing a formal request for production of documents related to my complaint this week.  The list will be as follows:

Walmart Labs Investigative Report into my complaint Randstad Investigative Report into my complaint EEO Reports - Walmart Labs (2000 - 2021) Employee file for Jason Corbett Employee file for Ashley Hogan

Thanks,

Barry

# EXHIBIT B

From: Lopez, Kiran S [mailto:KLopez@seyfarth.com]
Sent: Tuesday, September 7, 2021 12:01 PM
To: 'bross apexsearch.net' <bross@apexsearch.net>
Cc: Tim Reed <treed@fordharrison.com>; Noah M. Woo <NWoo@fordharrison.com>; Fitch, Lindsay <LFitch@seyfarth.com>
Subject: RE: Request for Production of Documents (Ross v. Walmart Labs)

Dear Mr. Ross,

Thank you for your email. Please note that you do not need to file discovery requests with the court. Those are served directly on counsel.

Pursuant to the Joint Case Management Statement, the parties are to exchange initial information and documents pursuant to General Order 71 on or before September 24, 2021. While you are free to serve discovery requests in the interim, typically we will conduct the General Order 71 exchange and then, if there is further information/documents you want, you would serve discovery requests at that time. In the event it is helpful, here is a link to the General Order 71 discovery protocols: https://protect-us.mimecast.com/s/ypWECDkw1wcB5mDLSWYcw8?domain=cand.uscourts.gov

Best,
Kiran


Kiran S. Lopez | Counsel | Seyfarth Shaw LLP
560 Mission Street | Suite 3100 | San Francisco, California 94105-2930
Direct: +1-415-732-1102 | Fax: +1-415-397-8549 klopez@seyfarth.com | https://protect-us.mimecast.com/s/bF_iCERK8KhW3Gk8Twt1a3?domain=seyfarth.com

-----------------------------------
CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.
-----------------------------------

# EXHIBIT C

**From:** Barrington <bross@apexsearch.net>
**Sent:** Friday, September 24, 2021 2:31 PM
**To:** Lopez, Kiran S <KLopez@seyfarth.com>
**Cc:** Fitch, Lindsay <LFitch@seyfarth.com>; Tim Reed <treed@fordharrison.com>; Noah M. Woo <NWoo@fordharrison.com>; Blackwell, Juliana <JBlackwell@seyfarth.com>
**Subject:** Re: Randstad's Initial G.O. 71 Discovery

There were no previous discovery documents provided, therefore, I will be filing an immediate Motion to Compel, along with a list of requested documents, including my employee file, Jason Corbett and Ashley Hogan's employee file.

I will also be requesting a copy of the Walmart and Randstad investigative report into my complaint. The additional documents will also include, Walmart's EEO-1 reports dating back to 2015.

Regards,

Barry

Sent from my iPad

On Sep 24, 2021, at 3:59 PM, Lopez, Kiran S <KLopez@seyfarth.com> wrote:

Please find attached Randstad's initial discovery, pursuant to General Order 71. Initial documents were previously produced on April 19, 2021.

Best,

Kiran


**Kiran S. Lopez** | Counsel | Seyfarth Shaw LLP
Direct: +1-415-732-1102 | Fax: +1-415-397-8549

# EXHIBIT D

**From:** "Noah M. Woo" <NWoo@fordharrison.com>
**Date:** Tuesday, September 28, 2021 at 7:38 PM
**To:** "Lopez, Kiran S" <KLopez@seyfarth.com>, "bross apexsearch.net [apexsearch.net]" <bross@apexsearch.net>
**Cc:** "Fitch, Lindsay" <LFitch@seyfarth.com>, Tim Reed <treed@fordharrison.com>, "Blackwell, Juliana" <JBlackwell@seyfarth.com>
**Subject:** RE: Randstad's Initial G.O. 71 Discovery

Dear Mr. Ross,

Defendants Walmart, Jason Corbett, and Ashley Hogan also agree with Ms. Lopez's position that the motion should be immediately withdrawn.

We hope to avoid wasting the Court's time based on the reasons set forth in Ms. Lopez's email. Please be advised that if our office is forced to prepare an opposition brief and/or appear for the hearing, we will have no choice but to request sanctions.

Please immediately advise whether you will withdraw the motion. Thank you.

Best Regards,
Noah M. Woo

**From:** Lopez, Kiran S [mailto:KLopez@seyfarth.com]
**Sent:** Tuesday, September 28, 2021 3:55 PM
**To:** 'Barrington' <bross@apexsearch.net>
**Cc:** Fitch, Lindsay <LFitch@seyfarth.com>; Tim Reed <treed@fordharrison.com>; Noah M. Woo <NWoo@fordharrison.com>; Blackwell, Juliana <JBlackwell@seyfarth.com>
**Subject:** RE: Randstad's Initial G.O. 71 Discovery
**Importance:** High


Mr. Ross,

Randstad is in receipt of your Motion to Compel Request for Documents (D.E. 52). Please consider this Randstad's formal request that you immediately withdraw your motion.

First, you have not served any formal document requests in this case that would serve as the basis for such a motion.

Second, you failed to meet and confer with Randstad prior to filing your motion. USDC Northern District Local Rule 37-1(a) requires that, pursuant to FRCP 37, a conference between counsel be held for the purpose of attempting to resolve all disputed issues. This did not occur. Instead, you erroneously stated that "no previous discovery documents [were] provided" - although they had been served by Randstad on you via email on April 19, 2021 (and included your personnel file) - and advised you would be filing a motion to compel. This was on Friday afternoon. Without meeting and conferring, and despite the fact that prior to your email Randstad had served both initial documents

and information pursuant to General Order 71 (and following your email Walmart did the same), on Monday you proceeded to filed your motion in clear contravention of both FRCP 37 and L.R 37-1(a).

Third, your motion fails to comply with L.R. 37-2, which required that "a motion to compel discovery further responses to discovery requests must set forth each request in full, followed immediately by the objections and/or responses thereto." Your motion does not do so, nor is it possible since you never served formal requests for production of documents to which Randstad could object/respond.

If you refuse to withdraw your motion and Randstad must prepare an opposition brief and appear at hearing, please be aware that Randstad will seek sanctions against you pursuant to FRCP 37 and L.R. 37-4, in an amount that, in the Court's discretion, is appropriate to deter you against your misuse of the Court's time and resources to pursue frivolous motions. Please advise.

Best,

Kiran


**Kiran S. Lopez** | Counsel | Seyfarth Shaw LLP
560 Mission Street | Suite 3100 | San Francisco, California 94105-2930
Direct: +1-415-732-1102 | Fax: +1-415-397-8549
klopez@seyfarth.com | www.seyfarth.com

# EXHIBIT E

**From:** bross apexsearch.net [apexsearch.net] [mailto:bross@apexsearch.net]
**Sent:** Thursday, September 30, 2021 10:15 AM
**To:** Noah M. Woo <NWoo@fordharrison.com>; Lopez, Kiran S <KLopez@seyfarth.com>
**Cc:** Fitch, Lindsay <LFitch@seyfarth.com>; Tim Reed <treed@fordharrison.com>; Blackwell, Juliana <JBlackwell@seyfarth.com>
**Subject:** Re: Randstad's Initial G.O. 71 Discovery
**Importance:** High

Dear Counsel:

As you're aware, I've requested specific documents since I initially filed my complaint in December 2020 with the Santa Clara Superior Court. I've also repeatedly requested these documents, since our Joint Conference with Judge Illston. Furthermore, I've asked for confirmation of depositions for Jason Corbett and Ashley Hogan, to which you've ignored consistently. I also indicated that I was available to conduct my deposition sooner than 11/8/21, yet, you've refused to engage in meaningful discussions, with regard to discovery.

Your firm has consistently acted in bad faith, throughout these proceedings, and I will ask the court to impose sanctions, if this deliberate conduct continues. Removing my complaint to federal court, is just another attempt to delay the judicial process, however, I will no longer accept your obstinate behavior with regard to my complaint.

I have no other choice, except to ask the Court to intervene, unless your firm responds to my repeated requests for documents and confirmation of depositions. There are several other Walmart employees, that I intend to depose, and the production of these documents are essential to my deposition questioning.

As for your threats with regard to sanctions, I am unconcerned, because I've exhausted my attempts to encourage your firm to act in good faith. Also, as a result of Jason Corbett's racist and deliberate actions, I was homeless for a few months and had to find shelter with relatives. Therefore, your threats are meaningless to me.

Regards,
Barry D. Ross

**From:** Noah M. Woo <NWoo@fordharrison.com>
**Sent:** Thursday, September 30, 2021 11:45 AM
**To:** bross apexsearch.net <bross@apexsearch.net>; Lopez, Kiran S <KLopez@seyfarth.com>
**Cc:** Fitch, Lindsay <LFitch@seyfarth.com>; Tim Reed <treed@fordharrison.com>; Blackwell, Juliana <JBlackwell@seyfarth.com>
**Subject:** RE: Randstad's Initial G.O. 71 Discovery

Dear Mr. Ross,

We plan to respond to your request to schedule the unilaterally noticed depositions in a separate email. As you are aware, Mr. Hogan just made an appearance in this matter. Further, to be absolutely clear, we have not asked you to remove or withdraw your complaint from federal court. Rather, Walmart has asked you to withdraw the motion to compel that you filed earlier this week. As Ms. Kiran has clearly articulated in the email below, you did not comply with the Court's Local Rules. We hope to avoid wasting the Court's time and resources associated with motion practice. However, **unless our office receives notice from you today that you plan to withdraw the motion to compel**, please be advised that our office will have no choice but to prepare the opposition brief (which is currently due on October 4, 2021) and request appropriate sanctions. Thank you.

Best Regards,
Noah M. Woo

**From:** "Lopez, Kiran S" <KLopez@seyfarth.com>
**Date:** Thursday, September 30, 2021 at 2:50 PM
**To:** "'Noah M. Woo'" <NWoo@fordharrison.com>, "bross apexsearch.net" <bross@apexsearch.net>
**Cc:** "Fitch, Lindsay" <LFitch@seyfarth.com>, Tim Reed <treed@fordharrison.com>, "Blackwell, Juliana" <JBlackwell@seyfarth.com>
**Subject:** RE: Randstad's Initial G.O. 71 Discovery

Dear Mr. Ross,

In follow up to Noah's email below, please respond <u>only</u> to defendants' request that you withdraw your improper motion to compel discovery. You have not served any formal requests for production of documents in this case and, therefore, <u>there is nothing to compel</u>. We urge you to avoid this waste of the court's and defendants' time and resources, and ask that you confirm immediately that you will withdraw the motion. Thank you.

Best,
Kiran


**Kiran S. Lopez** | Counsel | Seyfarth Shaw LLP
560 Mission Street | Suite 3100 | San Francisco, California 94105-2930
Direct: +1-415-732-1102 | Fax: +1-415-397-8549
klopez@seyfarth.com | www.seyfarth.com

---

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

# EXHIBIT F

**From:** bross apexsearch.net [mailto:bross@apexsearch.net]
**Sent:** Friday, October 1, 2021 12:23 PM
**To:** Lopez, Kiran S <KLopez@seyfarth.com>
**Cc:** Noah M. Woo <NWoo@fordharrison.com>; Fitch, Lindsay <LFitch@seyfarth.com>; Tim Reed <treed@fordharrison.com>; Blackwell, Juliana <JBlackwell@seyfarth.com>
**Subject:** Re: Randstad's Initial G.O. 71 Discovery

Thanks for clarifying, but I will not withdraw my motion, until I receive confirmation that your firm(s) intend to produce the requested documents and also confirm the requested depositions.

Barry

Sent from my iPhone

On Oct 1, 2021, at 1:03 PM, Lopez, Kiran S <KLopez@seyfarth.com> wrote:

Dear Mr. Ross,

To clarify, I advised you that discovery requests are served directly on the parties and are not something that is filed with the court. To date, you have not served Randstad (or Walmart) with any formal requests for production. https://www.law.cornell.edu/rules/frcp/rule_34

The document requests you list in your motion appear primarily directed to Walmart. If you'd like to send me a list of documents you are specifically requesting from Randstad I will review your requests and, to the extent that the documents you seek exist, are not privileged, are in Randstad's possession, and have not yet been produced in this case, I will be happy to work with you to get you what you need. If that is agreeable, we would appreciate confirmation today that you will withdraw your motion. Otherwise, we will proceed with filing an opposition on Monday.

Best,

Kiran

**Kiran S. Lopez** | Counsel | Seyfarth Shaw LLP
560 Mission Street | Suite 3100 | San Francisco, California 94105-2930
Direct: +1-415-732-1102 | Fax: +1-415-397-8549
klopez@seyfarth.com | www.seyfarth.com



CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.