UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY D. ROSS,<br><br>    Plaintiff,<br><br>    v.<br><br>RANDSTAD PROFESSIONALS, US, LLC DBA RANDSTAD SOURCERIGHT, *et al*.,<br><br>    Defendants. | Case No. 21-cv-01945-SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**<br><br>Re: Dkt. No. 52 |

On September 27, 2021, plaintiff filed a motion to compel production of documents. Defendants oppose the motion and request sanctions. Plaintiff did not file a reply by the October 12 deadline, nor has plaintiff otherwise responded to defendants' oppositions.

Defendants' oppositions, which are supported by declarations of counsel, state the following: (1) plaintiff has not served any formal discovery requests, and thus there is nothing to compel, (2) plaintiff did not meet and confer with defendants prior to filing the motion to compel, in violation of Federal Rule of Civil Procedure 37, Northern District Civil Local Rule 37-1, and this Court's Standing Order; and (3) in light of the foregoing, defendants requested that plaintiff withdraw his motion to compel and plaintiff refused to do so. Defendants also state that they have informed plaintiff about how the discovery process works, including the need to serve formal discovery requests upon counsel as well as the requirement to meet and confer over discovery disputes. Defendants also state that they have provided their initial disclosures as well as disclosures required by General Order No. 71, Walmart states it will produce confidential documents once the parties have entered into a protective order (which Walmart is currently circulating), and Ranstad states that as of October 4, plaintiff had not complied with General Order No. 71.

The Court concludes that plaintiff's motion is without merit and thus it is DENIED. As defendants have informed plaintiff, if plaintiff wishes to request documents from defendants,

plaintiff must serve a formal request for production of documents on defense counsel; it is not sufficient to request documents by e-mail or other informal methods. It is the Court's view that by pursuing the current motion after being informed by defendants about the discovery process, plaintiff has engaged in sanctionable conduct. Although plaintiff is proceeding *pro se* and does not have legal training, defense counsel have directed plaintiff to the relevant court rules regarding the discovery process and yet plaintiff refused to withdraw this motion. In light of plaintiff's *pro se* status, the Court will not impose monetary sanctions at this time. However, plaintiff is advised that any further frivolous motions will result in sanctions.

In lieu of sanctions and in an effort to avoid future disputes, the Court directs plaintiff to read: (1) Federal Rules of Civil Procedure 26, 30, and 33-37; (2) Northern District Civil Local Rules 26, 30, and 33-37, https://cand.uscourts.gov/rules/civil-local-rules/; (2) General Order 71 re: Discovery Protocols for Employment Cases Alleging Adverse Action, https://cand.uscourts.gov/wp-content/uploads/general-orders/GO_71_2-1-2020.pdf; and (4) and this Court's Standing Order, https://cand.uscourts.gov/wp-content/uploads/judges/Illston-si/Judge_Illstons_Standing_Order_10-26-2020.pdf. Plaintiff shall file a declaration with the Court attesting that he has read these materials no later than **November 1, 2021**.

The Court also strongly encourages plaintiff to seek free legal consultation by contacting the Pro Se Help Desk at FedPro@sfbar.org or (415) 782-8982. Plaintiff can speak with an attorney who will provide basic legal help, but not legal representation.

Finally, plaintiff is advised that he must comply with this Court's Standing Order with regard to any future discovery disputes. Pursuant to that Standing Order, parties must meet and confer by telephone (or zoom) to discuss discovery disputes, and if they are not able to resolve the matter, the parties must submit a joint letter to the Court, or if a joint letter is not possible, separate two page statements.

**IT IS SO ORDERED**.

Dated: October 19, 2021

SUSAN ILLSTON
United States District Judge